### SAMUEL AYERS
### v.
### EMMA AYERS.

*Divorce—Adultery of Wife—Husband and Wife.*

1. There is no presumption that a married woman, for a considerable number of years a wife, is possessed of property.

2. In a suit for divorce on a bill filed by a husband, based upon the alleged adultery of his wife, this court holds there was no error as to the award to the latter of a sum named as solicitor's fees, and declines to interfere with the decree for the defendant.

[Opinion filed July 23, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. O. H. HORTON, Judge, presiding.

Mr. W. S. COY, for appellant.

Messrs. WHITEHEAD & PICKARD, for appellee.

GARY, J. This is a suit for divorce on a bill filed by the appellant and tried by the Circuit Court upon the testimony of witnesses examined in court. The charge is adultery.

The testimony is very voluminous; no condensation of it within reasonable limits is possible. To recite it substantially, at large, would only serve to show that even in the record,

there is no such preponderance in favor of the appellant as would justify a reversal of the finding of the Circuit Court. With the witnesses before the court, the case may have there appeared less favorable to him than it does here on paper.

The court awarded the appellee $290 as solicitor's fees, the appellant conceding that the amount was reasonable for the services rendered, but now, urging that there is no proof that he had property, nor that she had not, says that award is erroneous.

There is no presumption that a married woman, sixteen years a wife, has any property. As the world goes, she generally has none. As to himself, he testified that he had lived six years on a lot 144 feet on Prairie avenue and 161 feet on Forty-third street, in a two-story house, fifty-two feet long and twenty-four feet wide, and on the same lot has a barn eighty feet long, in which, in the livery and boarding-stable business, he keeps eight men employed.

Speaking of the barn he said : "I built a barn on the rear end of my lot;" and "I generally kept three horses and a carriage and a couple of buggies." It is true there is no evidence of his pecuniary condition, other than the presumption that he owns the property he possesses, and the knowledge common to all intelligent men, that the property he described must be of very considerable value.

Neither upon the merits of the principal case, nor in the award of solicitor's fees, did the court err, and the decree is affirmed.

*Decree affirmed.*